UNITED STATES *v.* HOMER LE BRUN

No. 7402.—Pro forma invoices dated Montreal, Canada, December 9, 1946, etc.
    Entered at Highgate Springs, Vt., December 10, 1946, etc.
    Entry Nos. D–329; D–352.

(Decided October 10, 1947)

*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the plaintiff.

No appearance by defendant.

COLE, Judge: These appeals for reappraisement bring for determination the proper dutiable value of one-quarter horsepower electric motors, exported from Montreal, Canada, in December 1946, and entered for consumption, during the same month, at Highgate Springs, Vt.

The merchandise was appraised, as entered, at the invoice value for each motor of $9.75 Canadian currency (8 per centum Canadian sales tax included), net, packed. Appeal for reappraisement was filed by the collector of customs at St. Albans, Vt., claiming a higher foreign value, section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), than that at which the merchandise was appraised.

When the case was called for trial before me at St. Albans, Vt., there was no appearance by defendant. Plaintiff offered a special agent's report (plaintiff's exhibit 1), the only evidence in the case.

Said report shows that merchandise, like or similar to the motors in question, was sold at the time of exportation of the instant merchandise to three classes of purchasers, i. e., users, dealers, and distributors. Users bought in small quantities and paid the list price. Distributors purchased in large quantities and were given a special price. The price to dealers, $18.10 less 20 per centum discount (Canadian currency) per motor, (8 per centum Canadian sales tax included) net, packed, meets all the requirements of statutory foreign value, section 402 (c), as amended, *supra*, which I hold to be the proper basis for appraisement of these electric motors. Judgment will be rendered accordingly.